UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lori L. Pierson,
    Claimant

    v.                                            Civil No. 05-cv-276-SM
                                                        Opinion No. 2006 DNH 052

Jo Anne B. Barnhart, Commissioner,
Social Security Administration
    Defendant

**O R D E R**

    Pursuant to 42 U.S.C. § 405(g), claimant, Lori L. Pierson, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act"). She says the Administrative Law Judge ("ALJ") erred in concluding that she was not disabled prior to the date on which her insured status expired. Defendant objects and moves for an order affirming the decision of the Commissioner. For the reasons set forth below, this matter is remanded to the ALJ for further proceedings.

**Factual Background**

I.  Procedural History.

Claimant's disability insured status expired on December 31, 1995.  Nearly eight years later, on October 17, 2003, she filed an application for disability insurance benefits under Title II of the Act, alleging that she had been unable to work since November 24, 1992, due to a combination of chronic neck, back, and shoulder pain, anxiety, depression, Fibromyalgia, asthma, and gastrointestinal problems.  Administrative Record ("Admin. Rec.") at 15, 46, 53-54.  See also Admin. Rec. at 231-34.  Her application was denied.  She then requested an administrative hearing to review that denial.

On October 8, 2004, claimant, her attorney, and her husband appeared before an Administrative Law Judge, who considered claimant's application de novo.  On April 23, 2005, the ALJ issued his order, concluding that claimant retained the residual functional capacity to "lift and/or carry up to twenty pounds occasionally and ten pounds frequently.  She is able to sit for up to six hours in an eight-hour day with normal breaks.  She is able to stand and/or walk for up to six hours in an eight-hour day with normal breaks."  Admin. Rec. at 19.  Accordingly, he

concluded that claimant "was not under a 'disability' as defined in the Social Security Act, at any time through the date of [his] decision." Id.

Claimant then sought review of the ALJ's decision by the Appeals Council.  On July 5, 2005, however, the Appeals Council denied her request, thereby rendering the ALJ's decision a final decision of the Commissioner, subject to judicial review.  On August 2, 2005, claimant filed an action in this court, asserting that the ALJ's decision was not supported by substantial evidence and seeking a judicial determination that, prior to the expiration of her insured status, she was disabled within the meaning of the Act.  Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 8).  The Commissioner objected and filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 9).  Those motions are pending.

II.  Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 10), need not be

recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings of the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. §§ 405(g), 1383(c)(3); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).[1] Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the adverse position.

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").  See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222-23 (1st Cir. 1981).

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner] not the courts."  Irlanda Ortiz, 955 F.2d at 769 (citation omitted).  Accordingly, the court will give deference to the ALJ's credibility determinations, particularly where those determinations are supported by specific findings.  See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, the claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective

medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  Provided the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

When determining whether a claimant is disabled, the ALJ is required to make the following five inquiries:

    (1)   whether the claimant is engaged in substantial gainful activity;

    (2)   whether the claimant has a severe impairment;

    (3)   whether the impairment meets or equals a listed impairment;

    (4)   whether the impairment prevents the claimant from performing past relevant work; and

    (5)   whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm her decision.

**Discussion**

I.  <u>Background - The ALJ's Findings</u>.

In concluding that Ms. Pierson was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since her alleged onset date of November 24, 1992.  Next, he concluded that claimant did not suffer from any medically determinable mental impairment.  Admin. Rec. at 15.  The ALJ did, however, determine that, during the time period relevant to his decision, claimant suffered from recurrent sinus infections and neck strain, both of which he characterized as "severe," within the meaning of the pertinent regulations.  Nevertheless, the ALJ concluded that those impairments did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.  Admin. Rec. at 15.

The ALJ next concluded that, as of December 31, 1995, claimant retained the residual functional capacity ("RFC") to

perform the exertional demands of light work.[2]  In light of that RFC, the ALJ concluded that claimant could perform her past relevant work as a photo lab technician, a fast food worker, a cashier, and a clerk, as those jobs are performed in the national economy.  Admin. Rec. at 18.  Consequently, the ALJ determined that claimant was not "disabled," as that term is defined in the Act, when her insured status expired (or through the date of his decision).

II. Claimant's Mental Impairments.

On appeal, claimant raises two related issues.  First, she asserts that the ALJ failed to properly take into account her alleged mental impairments.  Next, she claims the ALJ erred in concluding that she was not, as of the date on which her insured

---

[2]  "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

status expired (December 31, 1995), disabled as a result of those mental impairments and/or a combination of those mental impairments and her physical impairments.

The problem presented in this case is this: perhaps because she did not have health insurance until approximately 1997, claimant's medical records prior to December 31, 1995, are, at best, sparse. And, those medical records that do exist from the relevant period of time provide little support for claimant's alleged mental impairments. Accordingly, the ALJ concluded:

> During the time period relevant to this decision, the claimant and her representative have submitted no progress notes, treating notes, [records of] hospitalization, or diagnostic testing from a treating or examining physician prior to her date last insured to show treatment for any mental impairment. While the medical evidence of record contains clinical signs and findings regarding the claimant's current ability to perform work related functions, there is <u>no objective medical evidence</u> prior to December 31, 1995 to support a medically determinable mental impairment.

Admin. Rec. at 15 (emphasis supplied).

In support of her claim that she suffered from disabling mental impairments as of December 31, 1995, claimant points to statements she made during her initial consultation with Dr.

11

Judith Boule-Bruch, on September 4, 1997.  Dr. Boule's notes reveal that claimant reported that she "has had problems with depression and suicidal ideation as a lifelong problem; she says ever since third grade."  Admin. Rec. at 119.  But, even crediting claimant's assertion that she has suffered from depression for much of her life, there are no medical records to support the conclusion that her depression was, prior to the expiration of her insured status, disabling.  As the Commissioner points out,

> "[t]o the extent that her symptoms date to [claimant's] childhood, the Commissioner surmises they were also present throughout her working years, further undermining her claim that her mental impairments were severe under Social Security rules."

Defendant's memorandum (document no. 9) at 7 (citing Goodermote, 690 F.2d at 7).

Nevertheless, claimant says the lack of objective medical evidence of a mental impairment prior to her date last insured is not fatal to her application for disability benefits.  In support of that position, claimant says that while objective medical evidence is necessary to prove that her impairments are, in fact, disabling, such evidence is not necessary to establish the onset

12

date of her disability.  And, says claimant, the ALJ erroneously conflated two critical steps in his analysis: the determination of whether claimant currently suffers from a severe mental impairment and the subsequent calculation of the onset date of that impairment.

As to the first of those two steps, claimant asserts that the report of Richard, Toye, Ph.D., a clinical psychologist, amply supports her claim that she suffers from disabling mental impairments.  The court agrees.  Among other things, Dr. Toye found claimant's current mental impairments adversely affect her ability to perform several work-related tasks.  Specifically, Dr. Toye concluded that claimant was "markedly limited" in her ability to: maintain attention and concentration sufficient to perform work tasks throughout an 8-hour work day; perform activities within a schedule, maintain regular attendance, and be punctual; complete a normal work day and workweek without interruptions from psychologically-based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods.  Admin. Rec. as 222-23.[3]

---

[3]   The ALJ's opinion does not reference the psychological assessment prepared by Dr. Toye.  Although the record is unclear

Crediting those findings, along with those of claimant's other treating physician, Dr. Judith Boule-Bruch (see Admin. Rec. at 119-24; 213-15), as well as the observations made by claimant's husband (Admin. Rec. at 254-56) and her friend (Admin. Rec. at 175), the record certainly suggests that claimant's current mental impairments are disabling, particularly when combined with her physical impairments.[4]  Nevertheless, the problem identified by the ALJ remains: aside from claimant's assertion that her mental impairments were disabling on or before December 31, 1995, there are no medical records from the relevant period to support such a finding.

---

on this point, that omission might be explained by the fact that Dr. Toye's report was not finalized until December 21, 2004 – approximately 10 weeks after the ALJ conducted his hearing on the matter.  Nevertheless, Dr. Toye's report was prepared well before the ALJ issued his decision on April 22, 2005.  And, because that report is part of the record submitted to the court, the court assumes that it was also available to the ALJ prior to the date on which he issued his decision.  If that is not the case, the ALJ will have the opportunity to consider Dr. Toye's report on remand.

[4]   Because this matter is remanded to the ALJ for further consideration, the court will leave it to him to determine, at least initially, whether the record supports a finding that claimant currently suffers from mental impairments that are "severe."  In reaching that decision, the ALJ should, of course, employ the procedures described in 20 C.F.R. § 404.1520a.

Thus, the question presented by claimant's appeal is whether that absence of medical records for the relevant temporal period is necessarily fatal to her claim. It is not. Objective medical evidence is necessary to establish the existence of a disabling impairment. See, e.g., 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). Importantly, however, if a claimant is found to suffer from a disabling impairment, objective medical evidence, while preferred, is not essential to resolving the onset date of that disability.

Social Security Ruling 83-20, entitled "Titles II and XVI: Onset of Disability," makes clear that there are three factors that must be considered when determining the onset date of a claimant's disability: "the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20, 1983 WL 31249 at *2 (1983). Nowhere in the SSR is there any suggestion that the absence of medical records establishing an onset date is fatal to his or her disability claim. In fact, the SSR provides just the opposite, specifically noting that in some cases it may be necessary to

infer the onset date of a claimant's disability from non-medical evidence.

> In some case, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in [the] file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. <u>Information may be obtained from family members, friends, and former employers . . . to furnish additional evidence regarding the course of the individual's condition</u>.

SSR 83-20, 1983 WL 31249 at * 3 (emphasis supplied).

In light of the foregoing, the ALJ's determination that "there is no objective medical evidence prior to December 31, 1995 to support a medically determinable mental impairment," Admin. Rec. at 15, while likely correct, is not dispositive of

claimant's application for disability benefits. The first step in the inquiry is to determine whether claimant is currently disabled. If so, the next step is to determine the onset date of that disability. And, critically, the absence of medical evidence prior to the expiration of her insured status is not dispositive of claimant's assertion that she suffered from a disabling mental impairment during that period.

Given the absence of objective medical findings during the relevant period, prior to rejecting claimant's application, the ALJ should have considered (and discussed in his decision) the other relevant factors that are set forth above (e.g., the claimant's allegations; the testimony of friends, family, co-workers, former employers, etc. about claimant's condition and its affect on her ability to engaged in substantial gainful activity; and the claimant's work history). See SSR 83-20, 1983 WL 31249 at *2-3. Additionally, if necessary, he should have called upon a medical consultant to assist him in inferring the onset date of claimant's impairment(s). Id. at *3.

**Conclusion**

Having carefully reviewed the administrative record and the arguments advanced by both the Commissioner and claimant, the court concludes that there is not substantial evidence in the record to support the ALJ's determination that claimant is not entitled to disability benefits.  The ALJ erred in concluding that because there is "no objective medical evidence prior to December 31, 1995 to support a medically determinable mental impairment," Admin. Rec. at 15, he could not conclude that, prior to that date, claimant was disabled by reason of a mental impairment.  That was an error.

In resolving claimant's application for disability benefits, the ALJ should first determine whether claimant is presently disabled.  Then, if he concludes that claimant is presently disabled, he should determine the onset date of her disability. See, e.g., Nelson v. Commissioner of Social Security, 2005 WL 1231500 at *2 (D. Me. May 24, 2005) ("The administrative law judge did not follow this procedure.  Rather than determining that the plaintiff was disabled as of the date of decision and then proceeding to fix the date of onset, he erroneously assessed

whether, for purposes of SSD, she was disabled as of her DLI. This was a regrettable error.").

Finally, the court notes that the lack of objective medical evidence of a disabling impairment prior to the expiration of claimant's insured status does not necessarily doom her claim for disability benefits. When objective medical evidence is lacking, the ALJ must evaluate other evidence to infer the onset date of a claimant's disability. See generally SSR 83-20. In this case, such evidence takes the form of claimant's testimony, as well as that of her husband and her friend (both of whom have known her since well before her alleged onset date), and the professional opinions of her treating physicians. If necessary, the ALJ could also contact claimant's prior employers, to discuss with them the reason(s) she left their employ, the nature and quality of her work, whether her job performance was adversely affected by her claimed impairment(s), etc. And, as noted above, the ALJ could also employ the services of a medical consultant to assist him in inferring the date on which claimant's impairment(s) likely became disabling.

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 8) is granted to the extent it seeks remand to the ALJ for further proceedings.  In all other respects, claimant's motion is denied.  The Commissioner's motion to affirm her decision (document no. 9) is denied.  Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order and, if the ALJ sees fit, the taking of additional evidence and/or testimony.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 28, 2006

cc:   Francis M. Jackson, Esq.
      Karen B. Nesbitt, Esq.
      David L. Broderick, Esq.